UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SIMON P. PARKER,

          Plaintiff,

    v.

MAKAH TRIBAL COUNCIL,

          Defendant.

CASE NO. C12-5607 BHS

ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITH PREJUDICE

      This matter comes before the Court on Plaintiff Simon Parker's ("Parker") motion to proceed *in forma pauperis* (Dkt. 1) and complaint (Dkt. 1–1).

      On July 9, 2012, Parker filed the motion and his complaint alleging discrimination in employment. He alleges that he was discriminated against in 1997 or 1998. Dkt 1–1 at 2. He states that he did not file a complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.*

      A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 08 (1989) (there is little doubt a federal

court would have the power to dismiss frivolous complaint sua sponte, even in absence of an express statutory provision).  A complaint is frivolous when it has no arguable basis in law or fact.  *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

In order to obtain relief under Title VII, a plaintiff must first file an administrative claim with the EEOC no later than 300 days after the alleged unlawful employment practice occurred.  42 U.S.C. §§ 2000e–5(e)(1), 12117(a).  An employment discrimination claim accrues when the plaintiff knows of the allegedly unlawful employment decision.  *Lukovsky v. City & County of S.F.*, 535 F.3d 1044, 1049–50 (9th Cir. 2008).  "[F]ailure to file an EEOC charge within the prescribed 300–day period . . . is treated as a violation of a statute of limitations." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000).

In this case, Parker's complaint is frivolous.  Parker concedes that he did not file an administrative claim, which precludes Parker from filing suit.  Moreover, the alleged discrimination happened almost fifteen years ago, which is outside of the 300–day filing period.

Therefore, it is hereby **ORDERED** that Parker's motion to proceed *in forma pauperis* (Dkt. 1) is **DENIED** and Parker's complaint (Dkt. 1–1) is **DISMISSED with prejudice.**

Dated this 18th day of July, 2012.

*[signature]*
BENJAMIN H. SETTLE
United States District Judge